The opinion of the Court was delivered by
Duncan J.
Bythe common law, it is well established, that if the widow’s claim be in the nature of dower, an ejectment will not lie before assignment. She is not seised of an undivided third part with the heirs. Hutton, 18. Hob. 181. Ejectment is a possessory action; and it is certain she cannot hold the possession against the heir. She is not seised until assignment, of an undivided third part. The widow and heir, or heirs, are neither tenants in common, joint-tenants, nor co-parceners. Sheaffe v. 0‘Niel, 9 Mass. Rep. 13. Our intestate acts have not confirmed this seisin or possession in her; her third part is in lieu of dower. The case of a widow, under these acts, is not so favourable to the position that she has such right, as her common law right; for the Legislature excludes her from the enjoyment of the land itself; for, by the 7th section of the act of 19th April, 1799, the whole is to be awarded to a 'child, or children, and the widow is, in full lieu and satisfaction for her dower at common law, to have one-third of the interest of the appraised value during life. It has been the general understanding in Pennsylvania, that a widow cannot support ejectment for her thirds as dower at common law; and that she cannot for her interest under the intestate laws. The remedy by ejectment, was more under the power and *537 controul of the Court, as to matter of form, than any other action ; and was well adapted to try the real question of right of possession between the parties ; and then, as many separate demises as you pleased, by all who might be supposed to have a possessory right, might be included in the declaration in ejectment: for where a doubt existed as to the party in whom the legal title was vested, it was usual to declare upon several distinct demises by the several persons concerned in interest, and the claimants were not confined, at the trial, to one particular demise, but might resort to any included in the declaration, under which they might be able to prove a title to the premises : so that a verdict and judgment on one demise,' might be entered for the plaintiff for that term, and against . him on all the other demises, without any inconsistency. But if there is but one demise, a joint one, then every one of the lessors must shew an interest in the whole: for although the demise was fictitious, it must be consistent with the title of the lessors. At present, ejectment is by writ, under the act of 21st March, 1806, and 13th April, 1807. The latter act enacts, that the writ of ejectment prescribed by the former one, shall give remedy as fully and effectually, as in ejectments theretofore used, and all parties having an undivided interest, whether as joint-tenants, co-parceners, or tenants in common, might join therein, and recover according to their interests and title. But the widow is neither a joint-tenant, co-parcener, or tenant in common; and therefore the question remains to be decided, as at the common law. I know not of any action that can be supported unless all the plaintiffs joined in it are competent to sue. This is a well settled principle. 7 Cranch, 159. In torts where there are - several defendants, there may be a verdict against some, and others acquitted. But where there are several plaintiffs, there cannot, on the same writ in any action, be judgment for one plaintiff, and against another. Where an action is brought by one part owner of a personal chattel, for a tort, the defendant must take advantage of this by plea in abatement. But where there are too many plaintiffs, it is a ground for non-suit. Judgment must therefore be rendered for the defendant.
Judgment for the defendant.