## Bratton *against* Mitchell.

The widow of a deceased intestate cannot maintain ejectment to recover her interest in the real estate of which her husband died seised.

A husband cannot, during the lifetime of his wife, maintain ejectment in his own name alone for lands, the title to which he claims in right of his wife.

Where a cause of action in right of a wife arose before the marriage, she must be joined with the husband : but in personal actions, the cause of which arose after the marriage, she ought not generally to be joined as plaintiff, unless she be the meritorious cause of action, or it be for an injury done to her personally.

ERROR to the common pleas of *Mifflin* county.

This was an action of ejectment by George Mitchell against Charles Bratton, to recover a tract of land.　The questions determined by the court arose solely upon the plaintiff's exhibition of title.　His evidence was, that a warrant was taken out for the land on the 28th of May 1817, in the name of James M'Donald, for himself and Thomas Baird, who paid one half of the purchase money. Baird died intestate and without issue, leaving a widow and one sister, his heir at law, the wife of the plaintiff, George Mitchell, who afterwards purchased and obtained a deed for the widow's interest, and brought this ejectment in his own name, without joining his wife with him, she being in full life.

The question was whether he could recover in this form of action, either in right of the widow or his wife.

The court below was of opinion, and so instructed the jury, that he could recover in both rights.　Verdict accordingly for the plaintiff.

This direction was the subject of the errors assigned.

*Fisher*, for plaintiff in error, cited, 5 *Serg. & Rawle* 536; 1 *Dall.*

418 ; 2 *Penns. Prac.* 189 ; 7 *Cranch* 159 ; *Bacon's Ab.*, tit. *Baron and Feme*, 76, 500 ; 1 *Chitt. Pl.* 61 ; 15 *Johns. Rep.* 479 ; 10 *Serg. & Rawle* 208.

*M'Dowell,* for defendant in error, cited, 2 *Kent's Comm.* 131.

The opinion of the Court was delivered by

Huston, J.—George Mitchell was plaintiff below, and showed as title, a warrant to James M'Donald, and in addition, proved by M'Donald that Baird paid half the purchase money, and was, in equity and in law, the owner of one half.   Baird was dead, without issue, leaving a widow who had conveyed or released all her right and interest to George Mitchell.   Mitchell was married to the sister and heir of Baird, and by virtue of her right, and of the conveyance of Baird's widow, claimed one half of this land.

Defendant proved a possession in his ancestors and himself back to long before the date of the warrant under which plaintiff claimed, but from some evidence about giving up the old cabin and building a new one, half a mile off, and some evidence that James Bratton, the brother and joint owner with Charles Bratton, had agreed to the survey, and was present when Baird and M'Donald's survey was made, it became necessary for defendant to object to plaintiff's form of action, as well as his title ; and he requested the judge to charge, 1st. That Mitchell could not support an ejectment in right of Baird's widow; and, 2dly, that he could not support an ejectment in right of his own wife (the heir of Baird) without joining her in the suit. The judge, however, charged in favour of plaintiff on both points, and these were the errors mainly relied on here.   It was stated in the opinion of the judge, that it was conceded or proved that the widow of Baird is still alive, and the sister of Baird, and wife of Mitchell, is still alive, and they have children.

It is true, as was said by the judge in the common pleas, that ejectment always lay, and still lies, in many cases unknown in England, and the equitable, as well as strictly legal right to the possession is tried here in that form of action.   Our action of ejectment now differs totally in form from that of England.   It is not in form, nor in fiction, an action of trespass; it more resembles a real action, but differs from it in this, that the right of possession and not the right to the land is in issue; and it is not conclusive until there be two verdicts and judgments for the same party.

A writ of ejectment, says the act of 1807, shall issue in all cases where lands, tenements or hereditaments are claimed, and shall give remedy as fully and effectually as in the form heretofore used ; and all parties having an undivided interest in lands, tenements or hereditaments, may join therein, whether they be joint tenants, co-partners, or tenants in common, and recover according to their interest and title.

It allows those having a common interest to join, and it gives

[Bratton v. Mitchell.]

remedy wherever it could be had, under the old form, and perhaps it does not extend to any case to which it did not apply under the old form. It was settled in Pringle *v.* Gaw, 5 *Serg. & Rawle* 536, that ejectment did not lie by a widow for her dower; nay, that she could not join with the heirs in an ejectment; and in that case the judgment was reversed because she was joined as plaintiff. This is now changed by the act of the 31st of March 1823, so far as that judgment will not be reversed on that account, but a judgment of nonsuit shall be entered, as to her, and the other plaintiffs may recover.

One reason why she ought not to be able to support ejectment is, that it does her no good, she must still proceed under the intestate laws, or bring her writ of dower; and she could have this writ although the tenant in possession had purchased from her husband. When she had not legally joined, or if the heirs of her husband were in possession, she could proceed under the intestate laws by petition in the orphan's court; and perhaps, where her husband left no issue, and she was entitled to half during life, this is her only mode of proceeding, at least it is the safest. Another reason why she should not support ejectment is, that if the heirs or legal representatives of the deceased husband bring ejectment against an adverse occupant, and recover, they recover the whole, including what will be her interest as widow.

Where the intestate leaves a widow, and no issue, the widow takes one half, instead of one-third of the real estate; her half to include the mansion house; but, except as to quantity, her interest is the same as if there were children and she got only one third; if the estate will not divide, it is to be sold, and she gets the interest of one half, so that, until inquest and division, it is uncertain whether she will have land or money, and this depends on the advantage or disadvantage to the heirs, without much, or any, regard to her wishes: she can then no more support an ejectment where she is to have one half for life, than where she has one-third.

I have said if the heirs recover in an ejectment, they recover the whole interest of the intestate, including that of the widow; and this brings me to the second point, whether George Mitchell, being married to the sister and heir of Thomas Baird, can, while his wife is living, support an ejectment in his own name, without joining her as plaintiff. It has been said truly, in 1 *Wilson* 424, that it is not easy to reconcile the cases, where a wife must not be joined, where she may be joined, and where she must be joined. Since that time perhaps some rules have been established which will enable us to proceed with safety. Where the cause of action arose before the marriage, the wife ought to be joined; where it arose after the marriage, she ought not, in personal actions, generally, to be joined, unless she is the meritorious cause of action, or for an injury done to her personally. In real actions, or mixed, she ought to be joined, and where the husband has not been in possession and so no injury done to his possession, she must be joined. Another criterion well

established is, that where the action will survive to her, she may be joined.     Where it must necessarily survive to her she must be joined. 1 *Bacon's Ab.*, tit. *Baron & Feme*, K., *pp.* 500, 501 ; 1 *Chitt. Pl.* 14 ; 2 *Kent's Comm.* 131 ; 1 *Tidd* 8 ; and the cases cited in those books.

In this case it is not pretended George Mitchell was ever in possession of the lands claimed in this suit : it is not an injury done to him, or rather to his possession, by defendant ; it is a suit for the freehold of the wife, not a real action, but in some respects resembling it ; and it must necessarily survive to the wife, and after her husband's death descend to her heirs.

It has, in this state, been usual to bring ejectment by husband and wife in right of the wife in the old form of ejectment, and in the present form ; we do not remember, nor do our books show any other mode of proceeding ; and we can see much inconvenience and confusion from supporting such suits as the present, and no one advantage to be gained by sanctioning it.

Judgment reversed.