## HINCKLE v. RIFFERT et al.

The act of the 31st of March, 1823, which provides that, " in all actions of ejectment *now pending*, or hereafter to be commenced in the courts of this Commonwealth, by more than one plaintiff, if, on the trial, any of the plaintiffs shall fail to establish his, her, or their right to recover, judgment of nonsuit may be entered against the plaintiff or plaintiffs so failing; and a verdict and judgment may be entered in favour of the other plaintiff or plaintiffs, for the interest in the premises, which he or they may be respectively entitled to recover in any such action," touches no vested right of property; nor does it impair any contract, but only removes a technical obstruction out of the way of those whose rights have been established on a trial by due course of law.

Where an action of ejectment was brought in 1819, and tried, on the 11th of April, 1822, and a verdict rendered in favour of certain of the plaintiffs for one moiety of the lands in controversy, and the other moiety for the defendant; and on the 12th of April, 1822, a motion in arrest of judgment was made by the defendants; and on the 20th of June, 1842, the plaintiffs, who had failed to establish title on the trial, entered a nonsuit, and the court overruled the motion in arrest of judgment, and entered judgment on the verdict: *it was held*, that the action was pending at the time the act of the 31st of March, 1823, was passed, and was therefore fully within the same, and governed by its provisions.

IN error to the Court of Common Pleas of Columbia county.

*July* 9. This was an action of ejectment, brought in 1819, by Ursula Riffert, Joseph Long, Joseph Pawling, and Sarah, his wife, late Sarah Riffert, David Kirkpatrick, and Ann, his wife, late Ann Riffert, Jacob Huntzinger, George Huntzinger, John Huntzinger, Henry Huntzinger, Michael Huntzinger, Daniel Huntzinger, John Faust, and Rosanna, his wife, late Rosanna Huntzinger, Daniel Drehr, and Magdalena, his wife, late Magdalena Huntzinger, and John Boyer, and Catherine, his wife, late Catherine Huntzinger, against Hinckle, the plaintiff in error, and defendant below.

It appeared, that the cause was arbitrated, that the arbitrators awarded in favour of the plaintiffs, and that William H. Sayre, the landlord of the defendant, who had appeared and pleaded, appealed from the award. The cause was tried on the 11th of April, 1822; and the jury found in favour of the Huntzingers, nine of the plaintiffs, for the one undivided moiety of three hundred and five acres of land, and in favour of the defendant, for the remaining moiety. On the 12th of April, 1822, the day after the rendition of the verdict, the defendant moved in arrest of judgment, for reasons filed. On the 20th of January, 1842, the plaintiffs, who failed to establish title on the trial, suffered a nonsuit, on which judgment was entered against them; and thereupon, the court, who were of opinion that the action was pending on the 31st of March, 1823, and therefore covered by said act, overruled the motion in arrest of judgment—the

argument of which had been postponed by the court from time to time—and ordered judgment to be entered on the verdict, without costs since the appeal, for those plaintiffs in whose favour the verdict was rendered. The defendant, thereupon, sued out this writ of error, and assigned as error, that the court erred in allowing a nonsuit to be entered by the Rifferts, in January, 1842, and at the same time ordering judgment to be entered on the verdict, in favour of the Huntzingers.

*Greenough,* for plaintiff in error, cited Pringle *v.* Gaw, 5 Serg. & Rawle, 536; and act of 31st of March, 1823, (Purd. Dig. tit. *Ejectment.*)

*Frick,* contrà.

*July* 16. COULTER, J.—In the case of Pringle and others against Gaw, 5 Serg. & Rawle, 536, it was decided by this court, that a widow could not join with the heirs, in maintaining ejectment under the act of 1806 : she being neither joint-tenant, coparcener, nor tenant in common. And that an ejectment, under such circumstances, could not be supported at common law. It has also been ruled by this court, that an action of partition, under like circumstances, could not be sustained. There is no doubt whatever, but that the joining of too many persons as plaintiffs is irregular and vicious; and, where it appears on the record, may be taken advantage of either by demurrer, by motion in arrest of judgment, or by writ of error. The case of Pringle against Gaw was decided in 1820 ; and after it was reported, attracted the attention of the legislature, no doubt as an instance where wholesome powers of legislation could be usefully exercised; and accordingly, the act of 31st of March, 1823, providing, that in all actions of ejectment *now pending,* or hereafter to be commenced in the courts of this Commonwealth, by more than one plaintiff, if, on the trial, any of the plaintiffs shall fail to establish his, her, or their right to recover, judgment of nonsuit may be entered against the plaintiff or plaintiffs so failing, and a verdict and judgment may be rendered in favour of the other plaintiff or plaintiffs, for the interest in the premises which they may be respectively entitled to recover. This statute undoubtedly establishes the law on a just foundation; and the only question which can be made is, as to its operation on pending cases, at the time of its enactment. But this cannot now be considered as an open question, in this state. The act, it will be observed, touches no vested right of property, impairs no contract, and only removes a technical obstruction out of the way of those

whose rights have been established on a trial, by due course of law. The usual course—and always the wisest course—is for the law-giving power to operate prospectively. But, repeated decisions of this court have ruled, that it is entirely within legislative competency to make a law operate on pending cases in court, if they expressly, or by irresistible implication, so declare their will. Always, however, intending, that there be no other constitutional barrier in the way. In this case there is none ; and the enactments of the law are beneficial and wholesome, as well as wise : with the single exception or drawback of operating upon cases already within the judicial forum. But *stare decisis.* The only question then is, whether the case in hand was ended by final judgment, at the time of the passage of the act. The action of ejectment was brought in the Common Pleas, to August Term, 1819, and tried, April 11, 1822 ; and the verdict of the jury rendered in favour of certain of the plaintiffs named, for one moiety of the land in dispute, and for the other moiety, for the defendant. On the 12th of April, 1822, there was a motion in arrest of judgment, for reasons filed. And on the 20th of June, 1842, the plaintiffs, who failed to establish title on the trial, enter a nonsuit ; and the court overrule the motion in arrest of judgment, and enter judgment on the verdict, without costs. There can, therefore, be no doubt, but that the case was pending on the 31st of March, 1823, and fully within the grip of the act, and must be governed by it. Its provisions fully sustain the judgment below, which is affirmed.

Judgment affirmed.