# Gray and Wife *versus* McCune.

1. Dower at common law was the right of the wife to the third part of the lands of which the husband was seised at any time during the coverture; and not merely in those of which he was seised at his death.

2. A *release*, in Pennsylvania, need not be in technical form: it is sufficient if it be in substance a release. Words of inheritance are not necessary in a release of dower.

3. An instrument of writing was executed in 1835 by a widow under seal and having two witnesses, addressed " To all to whom these presents shall come," in which it was recited that under the the will of her husband, dated in 1834, provision was made for her in lieu of her right of dower, whereby she agreed to take under the provisions of the will and accept of the bequests therein to her, in lieu and full satisfaction of right of dower at *common law*. It also appeared that she declared that she had desired her husband to leave her the property she had in possession—that she desired him to leave her property separate from that of the son, and that he should have his separate from her —that though she had not signed the conveyances to the son she had signed an agreement of release to the same effect:

It was *Held*, that this instrument was not limited to lands of which the husband died seised, but operated as a release of her right of dower in lands conveyed by her husband to his son by a former wife, in the conveyance of which she had not joined; and that the son, though not a party to it, yet being in possession of the property conveyed to him and interested in the estate or property received and enjoyed by the widow under the will, was not a stranger to the release and could plead it in bar of her claim of dower in the lands so conveyed to him.

THIS was an action of dower, by James Gray and Mary Ann his wife *v.* William C. McCune, brought on 23d June, 1853, to recover dower in two tracts of land, formerly the property of John McCune, the first husband of the said Mary.

John McCune aforesaid was seised of three tracts of land, one, on which he lived, containing about 190 acres, and another of 75 acres, chiefly timber land, and the third containing about 200 acres. By a first wife he had five children, William McCune, the defendant, being one of them. So owning the said lands, he became married to the said Mary Ann about 1824. By deed, dated 13th September, 1832, he conveyed to his son William, the defendant, 45 acres of the *timber tract*, including a small tenant house

[Gray and Wife *v.* McCune.]

and four acres of clear land, $1000 being mentioned as the consideration of the deed.   And by another deed, dated 11th March, 1833, he conveyed to the defendant about 70 acres, being part of the tract on which he lived, $1500 being stated as the consideration.   His wife Mary Ann, plaintiff, did not join in either of these conveyances.  Both deeds contained a covenant of special warranty against him and his heirs.

By his will, dated 27th December, 1834, he devised to his wife Mary Ann certain personal property; and he devised to her and *her* five children, "to them, their heirs and assigns for ever," the plantation he then lived on, to enjoy the same for their use and support, viz., to his wife Mary Ann, the one-third part of the rents and profits during her natural life, and her five children to enjoy the remainder of the rents and profits; and after the death of their mother, and after the youngest child came of age, they might sell the land.   He also gave to her said five children a piece of woodland, containing above 15 acres.   He devised to his other daughters certain real estate.   He died in June, 1835.   The will was proved on 26th June, 1835.   On the trial it was proposed, on part of the plaintiffs, to prove the annual value of the land, in which dower was claimed, since the death of John McCune.   The evidence was allowed so far as respected the value of the lands since the suit was brought.   Exception on part of plaintiffs.

On part *of defendant* was offered an instrument of writing, signed by Mary Ann McCune, the widow, *under seal,* and having two witnesses; to be followed by proof that she procured the will to be made by which the devises to her and her children were made in consideration of the conveyances made to William McCune; and that she since the death of her husband declared that she had executed the release for the purpose of confirming the title to him clear of claim of dower on her part.

The instrument was addressed "To all to whom these presents shall come."   In it was stated that by the will of her husband, bearing date, &c., provision was made for her in lieu of her right of dower: and it proceeded, "now know ye that I, the said Mary Ann McCune, do hereby agree to take under the provisions of said will and testament, and accept of the bequests therein to me, in lieu and full satisfaction of right of dower, at common law.   In witness," &c.; dated 3d July, 1835.   It was under seal, and had to it two witnesses.

The paper was objected to,—first, as not being a release. 2. Because neither the defendant nor any one under whom he claims, nor the land in question, is referred to in the paper.   3. Because no benefit or consideration passed to her from the defendant.

By consent the offer of the defendant was to be put into the form of a special plea, and the plaintiffs to reply.

It was further objected that the paper was nothing more than

[Gray and Wife v. McCune.]

an offer to take under the will; and further, that it was not competent to prove *by parol* the meaning of the paper. The evidence was admitted, and exception was taken.

A witness testified that Mrs. Gray, in September, 1849, said to him that she had desired her husband to leave her the property she had in possession—that she desired him to leave her property separate from that of William, and he should have his property separate from her—that she was satisfied;—that she said she had not signed the deed, but had signed an agreement of release to the same effect.

Another witness was examined, who testified that he was the executor of the will of John McCune—that it was reported that the widow was not satisfied, and that he got the release drawn, supposing it would bind her, and that she signed it in his presence. He said that the widow got the property which had been bequeathed to her. He said further that the property given to her and her children was more valuable than all the rest of the estate left by the testator.

GRAHAM, P. J., *inter alia,* charged that the paper alone would not defeat the plaintiffs' claim, but that he considered parol evidence admissible to ascertain the object and intention of the parties in its execution; and he instructed the jury that if they were satisfied that the paper was intended by Mrs. Gray, at the time it was executed, as a release of dower in the lands sold to the son, in consideration that her husband had yielded to her request in making his will and had devised to her the most valuable part of his estate, their verdict should be for the defendant.

Verdict for defendant.

Error was assigned to the rejection of evidence of the value of the land *before* suit brought, and the value of the timber cut by defendant in the last year; to the admission of the paper signed by the widow, and parol evidence in relation to it; and to the part of the charge referred to.

The case was submitted.

*Colwell* and *McClure* were for plaintiffs in error.

*Sharpe, Watts,* and *Parker,* for defendant in error.

The opinion of the Court was delivered by

LEWIS, J.—In Leineweaver v. Stoever, 1 *W. & Ser.* 160, it was held that the acceptance by the wife of her distributive share of her husband's estate under the intestate law, did not bar her action of dower in lands which her husband had conveyed to a stranger, and which formed no part of his estate at his death. In Borland v. Nichols, 2 *Jones* 43, the same principle was applied to the ac-

[Gray and Wife *v.* McCune.]

ceptance by a wife of a devise under her husband's will. The first was a decision under the Act of 1794, and the other under that of 1797. Both statutes had relation exclusively to the estates of which the husband died seised or possessed. They could operate on no other. And the last, which is the only one material to be considered here, is express in its direction that the acceptance of a devise of any portion of his estate "shall be deemed and taken to be in lieu and bar of her dower *out of the estate of her deceased husband,* in like manner as if the same were so expressed." It was held that the statute could not be carried beyond its letter, and that as its general provisions related to the estate which belonged to the husband *at the time of his death,* and the particular effect of acceptance was confined by the statute *to that estate,* the Courts could not, by construction, enlarge it. The decisions referred to were constructions of law, given to the single act of accepting a distributive share or a devise. But the case before us demands a decision upon an instrument of writing, sealed and delivered by the party in whose right this action is brought. A release under seal is good without a consideration; and where, as here, it enures by way of *mitter le droit,* words of inheritance are not necessary. It would be well to make use of the most appropriate words, such as *remisisse, relaxasse, et quietam clamasse,* but these are not indispensable. The words *renunciare, acquietare,* &c., will answer as well. If one acknowledge himself *satisfied,* and discharge a debt, this is a good release: *Shepherd's Touchstone* 327. The paper in question is duly executed under the hand and seal of Mary Ann McCune, in the presence of two witnesses. It bears date the 3d July, 1835, when she was under no disability of coverture or otherwise. It is addressed, "To all to whom these presents shall come." It has come to the hands of the defendant below, and he gives it in evidence, and claims the benefit of it. He is not a stranger, but had possession of the property in dispute at the time of the execution of this instrument, and claimed to hold the land in fee simple under a conveyance from the first husband of Mary Ann McCune, dated the 11th March, 1833. It would be a reproach to the law if this instrument under seal, thus fairly executed by the present Mrs. Gray, were held to be null and void. It cannot be pretended by any one that it should be so regarded. It must, therefore, have effect according to its true intent and meaning. It is Mrs. Gray's own language, and therefore, in case of ambiguity or doubt, it is to be construed most strongly against herself. It was her business to express herself so as to be understood. If she intended merely to accept the provisions of her husband's will "in lieu of her dower *in the estate of her husband,*" under the statute of 1833, it was her duty to say so. If the object was merely to acknowledge satisfaction of all right of dower out of the estate which belonged to her husband at his death, it was easy to say so :

[Gray and Wife *v.* McCune.]

and it was her duty to say so in such language as could be readily understood. William C. McCune, in addition to his title as vendee under his conveyance from his father, was a son and an heir, and had an interest in knowing the extent of the satisfaction acknowledged. If he had not understood it as extinguishing all claims upon the land in his possession, it may be that he would have resorted to other measures for his protection. He might have raised a question in regard to the large provision made by the will for the widow, and the meagre one provided by the same instrument for himself. But the paper distinctly declared that the said Mary Ann McCune *agrees* to take under the provisions of the will, and *accepts* the bequests therein, to her, *in lieu and full satisfaction of right of "dower at common law."* What is right of dower at common law? It is something more than right of dower out of *the estate of which her husband died seised.* Dower at common law is the one-third part of *all* the lands and tenements whereof her husband was seised, *at any time during coverture.* This is precisely the right which she released, and she has thereby discharged the land in controversy from her present claim. After making the declaration that although she had not signed the deed to William C. McCune, she "had signed an agreement of release to the same effect;" after receiving for herself and her children property more valuable than all the rest of the estate, including what was sold to William; and after an acquiescence of nearly twenty years in the settlement thus made, she comes with a bad grace to ask a recovery contrary to the plain meaning of her own deed. The cause is put upon the effect and true meaning of that instrument as expressed upon its face. In Pennsylvania it is not necessary that a release should be dressed up in legal and technical form. It is sufficient if it be in substance a release. The intention of the parties will be carried out in a Court of law, as fully as if they were before a Chancellor, and governed by the principles of equity. The instrument of writing signed by the demandant, in connexion with the other facts in the case, sustains all that is material in the plea.

It is true that a conveyance of her right of dower to a *stranger,* for a consideration moving from him to her, could not sustain the plea of a release to the *defendant* who had no privity with such stranger. The suit might, notwithstanding such conveyance to a stranger, be carried on for her use in the name of the demandant. This is all that was decided in Pixley *v.* Bennett, 11 *Mass.* 298. In Massachusetts, a conveyance to a party *out of possession* passes no estate, and is therefore not evidence under the general issue in a writ of entry: Wolcot *et al. v.* Knight *et al.,* 6 *Mass.* 420. And in an action of dower *the tenant, who does not claim under such conveyance, and who is an entire stranger to the consideration,* cannot set it up as a defence. If it passed no right, it was clearly

[Gray and Wife *v.* McCune.]

no defence. If it did pass a right, the action might well be maintained for the benefit of the grantee or his assigns. In either case the defendant, being a stranger to it, had nothing to do with it. This is all that has any relevancy to this case in Robinson *v.* Bates, 3 *Metcalf* 40. It is clear that these decisions, although cited by the plaintiffs in error to invalidate the defence under the release relied on in the case before us, do not sustain their positions. William C. McCune was neither a stranger to the consideration, nor to the instrument itself. It was not a transaction between strangers. The provisions in the will, which the widow accepted in satisfaction of her claim, were drawn from estates which, but for the will and the acceptance by the widow, would have descended or fallen upon William McCune himself; and the language of the instrument, as well as its object, shows that it was intended to operate in favor of the party who relied upon it at the trial.

This disposes of the whole case, and renders it unnecessary to discuss the other questions raised in the assignment of errors.

Judgment affirmed.