29      277
f  32 SC ⁴535
j  33 SC ¹467

## Evans *versus* Evans.

In an action of dower the plaintiff need go no further back, in showing the title, than a conveyance in fee from defendant to her deceased husband.

Where the defendant in such action appears and denies the plaintiff's right of dower, he thereby claims to be tenant of the freehold, and cannot set up title in a mere stranger under whom no one is claiming the premises.

The legal title was in the defendant, but plaintiff held a receipt from defendant for the purchase-money paid by her deceased husband for the land, and defendant's written agreement to convey it to him on request. It was not proper to receive parol evidence to defeat this equitable title.

A widow may claim her statutory dower by the common law action, when the land is in the adverse possession of one denying her right, or of one not amenable to the Orphans' Court process.

It is error to allow a recovery of dower of one-half of the land when the claim on record was for one-third only.

Such a mistake cannot be amended in the Supreme Court, but, on reversal of the judgment, the allowance of such an amendment will be referred to the discretion of the court below.

ERROR to the Court of Common Pleas of *Jefferson county*.

This was an action brought by Mary Ann Evans against Jared B. Evans, to recover *one-third* of a certain in-lot, with the appurtenances, situate in the borough of Brookville, in the county of Jefferson, and numbered sixty-five in the plot or plan of said borough, as her reasonable dower, &c., as the widow of Charles Evans, deceased, who died in August, 1848, without issue.

The plaintiff, to maintain the issue on her part, offered in evidence a deed from J. B. Evans and wife to Charles Evans and Levi G. Clover, dated 27th October, 1837, for lot No. 65 in the borough of Brookville, being the lot in controversy. This deed was objected to, on the ground that no title had been previously

[Evans *v.* Evans.]

shown in Jared B. Evans or Jane Evans. The objection was overruled, deed admitted, and, at the request of defendant's counsel, bill of exceptions sealed.

The plaintiff further offered in evidence a deed from Levi G. Clover to Charles Evans, for one undivided half of lot No. 65, accompanied by plot of the borough of Brookville and Act of Assembly of the 15th of March, 1855, for the purpose of showing the location of lot No. 65. This evidence was objected to by defendant's counsel, but admitted by the court. The admission of this evidence constitutes defendant's second bill of exceptions.

The defendant endeavoured to show an outstanding title from John Pickering, through the commissioners of Jefferson county, unto William C. Evans, a son of the defendant—admitting at the same time that he was in full and uninterrupted possession of the premises, never having been ousted. This offer was ruled out by the court.

He then showed that this property had been sold on *vend. ex.* No. —, February Term, 1846, and a deed made by the sheriff to him, May 15, 1846. To rebut this, the plaintiff showed the agreement of defendant with Charles Evans to convey the same to him, and acknowledging the receipt of $561, in full of the purchase-money. This agreement is dated September 15, 1846.

Since the death of Charles Evans, in 1854, defendant took down the old buildings and erected new ones. Plaintiff claimed dower of the premises, including the improvements.

The plaintiff's counsel submitted the following point:—

"The court are respectfully requested to charge the jury that their verdict, in this case, should be in favour of the plaintiff for the one-half of the annual value of the property, from the death of Charles Evans to the present time, including the annual value of the improvements made by the defendant."

The court (DERRICKSON, P.) charged the jury as follows:—

"There is no evidence of a demand made by the widow prior to the bringing of her present suit, and inasmuch as she stood by and witnessed the taking down of the old buildings, which had become dilapidated, and the erection of the present ones, by which the value of the property has been greatly enhanced, the court charge the jury that she is not entitled to recover damages beyond the time of bringing the suit. From that date, September 12, 1854, she is entitled to recover, according to the net value of the premises as they then and have since existed."

The reception of the deeds from defendant to the husband of plaintiff and Levi G. Clover, and from Clover to deceased, and the foregoing charge, were the errors complained of.

*Lucas*, for plaintiff in error.—The deed to Clover & Evans should not have been admitted, for dower is as much a real action,

[Evans v. Evans.]

and founded on title, as partition or ejectment: Jones v. Patterson, 2 *Jones* 154. The right to recover depended on whether the husband was seised in fact or in law. If seised in fact, the Orphans' Court alone had jurisdiction: Thomas v. Simpson, 3 *Barr* 68. Her right in this case depended on whether he had a title in fee, and that must be made out in the same manner as in ejectment. She must recover on the strength of her own title: Lykens v. Whelan, 3 *Harris* 487; Gardner v. Sharp, 4 *W. C. C. R.* 609; Griffith v. Dobson, 3 *Barr* 228; Bell v. Anderson, 4 *Dall.* 152.

The receipts amount at furthest only to a declaration of trust, and this is not within the statute of frauds, for such a trust may rest entirely in parol: Wallace v. Duffield, 2 *S. & R.* 526; Peebles v. Reading, 8 *Id.* 492; Slaymaker v. St. John, 5 *Watts* 27; Swartz v. Swartz, 4 *Barr* 359.

The plaintiff counted for one-third in her *precipe*, and could recover no more: Gratz v. Phillips, 5 *Binn.* 564. But she could in any event only recover one-third: Hinnershitz v. Bernhard, 1 *Harris* 518; where it is ruled that the term " dower," in the 11th section of Act of 8th April, 1833, means dower at common law. The share given to the widow under the intestate act, is not dower, but in *lieu of dower*, and such statutory dower can only be recovered in the Orphans' Court. Nor does the 11th section of the Act of 11th April, 1848, alter the law in this respect: *Purd. Dig.* 844.

*Gordon*, for defendant in error.—Where both parties claim under the same right, the plaintiff is not bound to trace his title beyond the person claiming that right: Riddle v. Murphy, 7 *S. & R.* 230.

The court was also right in rejecting the title got up for W. C. Evans: Root v. Crooks, 7 *Barr* 378. If there be any trust in this case, it is only such as leaves the trustee no duty to perform, and therefore vests a complete legal title in the *cestui que trust*: Kuhn v. Newman, 2 *Casey* 227.

The objection to the quantity of interest claimed in the *precipe* and *narr.* has been reserved for this court, as it was not made below. But if the record is defective or erroneous in this respect, it may be amended: Smith v. Smith, 5 *Barr* 256; Carson v. Hunt, 2 *Harris* 510; Ward v. Stevenson, 3 *Id.* 12.

The opinion of the court was delivered by

LOWRIE, J.—The widow went far enough back, at least, for a *prima facie* title, when she started with a conveyance in fee from the defendant below to her late husband, and therefore the exceptions to the evidence are unfounded.

And when he appears as defendant, and denies her right of·

[Evans *v.* Evans.]

dower, he thereby claims to be tenant of the freehold, and it was proper to refuse to let him set up title in a mere stranger, under whom no one is claiming.

The legal title was in the name of Jared, but Charles held his written receipt for the purchase-money paid by him, and an agree-ment to convey the lot to him on request; and the parol evidence offered against this is condemned by the statute of frauds, and by the rule forbidding written contracts to be contradicted by parol testimony, and was properly rejected.

It appears, then, that Jared is in possession with no other title than as heir of his brother, and he denies dower to his brother's widow. He must show a better title in himself before he can defeat her. As things now appear, she is entitled to her statutory dower of one-half of the land.

It is supposed, however, that the widow has mistaken her remedy in bringing this action. But we do not think so. A widow may claim her statutory dower by the common law action of dower where the land is in the adverse possession of one deny-ing her right, or of one not amenable to the Orphans' Court pro-cess. This rule was acted on in another case of Evans *v.* Evans, reported in 9 *State Rep.* 190, but more fully reported on this point in *Phil. Rep.* 113. See also 13 *S. & R.* 93; 2 *Whart.* 188; 8 *Watts* 415; 1 *State Rep.* 324.

We discover no error in this case, except in allowing a recovery of dower of one-half the land, where the claim declared on is for one-third, and for this we must reverse. We cannot amend the mistake here; but we see nothing to prevent the Common Pleas from permitting it, as in other cases of mistake, in stating the amount of a claim, and it is submitted to their discretion.

Judgment reversed and a new trial awarded.