# McFadden *v.* McFadden, Appellant.

*Dower—Deed—Assignment for benefit of creditors.*

Where a wife does not join with her husband in a deed of assignment for the benefit of his creditors, she may after her husband's death maintain her common-law action of dower against the purchaser at the assignee's sale.

*Practice, C. P.—Removal of cause to United States court.*

A cause will not be removed to a federal court on the ground that certain parties in interest are not residents of Pennsylvania, where it appears that the application for removal is made by the only defendant in the case who is present, and is admittedly a resident of Pennsylvania.

*Practice, C. P.—Plea of surprise—Continuance.*

The refusal of the court to heed the plea of surprise and continue the case, is, under ordinary conditions, a matter of discretion.

*Marriage—Evidence—Reputation—Cohabitation.*

In a common-law action of dower, the plaintiff's marriage may be proved by evidence of reputation and cohabitation, and in the absence of other evidence on the subject, may be conclusive.

*Practice, C. P.—Refusal of new trial—Assignment of error.*

The refusal of the court below to grant a new trial, is not the subject of an assignment of error, except for a gross abuse of discretion.

*Dower—Common-law action—Evidence.*

In a common-law action of dower brought by a widow who had not joined her husband in a deed of assignment for the benefit of his creditors, it is incompetent to show that no action was brought by the plaintiff against the assignee for dower, during his administration of the estate; or that an auditor had decided adversely to plaintiff's claim for dower against funds in the hands of the assignee.

*Practice, C. P.—Dower—Form of verdict—Evidence—Deeds.*

In a common-law action of dower a verdict in the following form is not improper; "For plaintiff for one-third of the real estate described

in the writ." Such a verdict cannot in the nature of the case confer a fee.

In a action of dower the plaintiff need go no further back in showing title than a conveyance in fee to her deceased husband.

In a common-law action of dower where the defendant refuses to produce the deed under which he claims title, it is not error for the court to allow parol evidence as to the identity of the land conveyed to the defendant as to which recovery is sought.

Argued Oct. 24, 1906. Appeal, No. 71, Oct. T., 1906, by defendant, from judgment of C. P. Blair Co., Oct. T., 1902, No. 75, on verdict for plaintiff in case of Barbara McFadden v. Mary A. McFadden. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Ejectment for land in Hollidaysburg. Before SHULL, P. J., specially presiding.

The opinion of the Superior Court states the case.

*Errors assigned* appear by the opinion of the Superior Court, except as to the form of verdict, which was as follows:

"For plaintiff one-third part of the land described in the writ."

*H. C. Madden,* with him *Harry A. McFadden* and *N. P. Mervine,* for appellant.

OPINION BY BEAVER, J., February 25, 1907:

Plaintiff brought her common-law action of dower against the defendant, who was the purchaser at assignee's sale of certain property conveyed by her husband during his lifetime to an assignee for the benefit of creditors.

As to her remedy: A widow may claim her statutory dower by the common-law action, when the land is in the adverse possession of one denying her right, or of one not amenable to the orphans' court process: Evans v. Evans, 29 Pa. 277.

Was she dowable of the land as to which she sought to recover? Blackstone in his Commentaries says (vol. 2, 131): " She is now by law entitled to be endowed of all lands and tenements, of which her husband was seized in fee simple or fee tail at any time during the coverture, and of which any

issue which she might have had might by possibility have been her heir."

In Mills v. Ritter, 197 Pa. 353, it is said : " The assignor passes to the assignee only such estate or property as he himself could sell or dispose of, and, in the case of real estate, only such interest in it as he, if married, could convey without his wife's joining in the deed." In that case as here, the wife did not join in the deed. And it was further said : " But the wife not having joined in the deed of assignment, her incipient or contingent dower did not pass by it."

The right of action and its form, therefore, rest upon a secure foundation.

The assignments of error are numerous, some of them trifling and none of them fundamental. They relate principally to the incidents of the trial.

It appeared from the record that the assignee sold the property in question to Harry A. McFadden, executor of Samuel P. McFadden. Before issue joined defendant demurred, and, upon the overruling of his plea, appealed to the Supreme Court. The appeal was quashed, 211 Pa. 599, in which the Supreme Court refused to certify the case to the Superior Court, because a session of the Superior Court had intervened in the meantime, and imposed the penalty provided by the Act of May 19, 1897, P. L. 67, on the ground that the " appeal had been sued out merely for delay."

Defendant first moved the court to remove the case to the United States district court, on the ground that certain parties in interest were not residents of Pennsylvania. This petition, however, was made by the only defendant in the case who was present, and is admittedly a resident of Pennsylvania. Under the circumstances, we do not think the defendant was entitled to have the case removed.

The suit, as originally brought, was against Harry A. McFadden. By amendment, the words " executor of Samuel P. McFadden, deceased," were added after issue joined and the jury had been sworn. The defendant thereupon plead surprise, supporting the plea by affidavit, and asked for a continuance, which request was refused.

The refusal of the court to heed the plea of surprise and continue the case was, under ordinary conditions, a matter of

discretion. Under the circumstances, as they appeared at the trial, and in view of the fact that the rule of court relating to such a continuance, if there was one, is not quoted for our information, we cannot see that the court failed to exercise a proper discretion in disposing of the motion.

The testimony adduced on the part of the plaintiff as to the marital relations existing between the assignor of the real estate, under whom the defendant claimed, and the plaintiff, was entirely competent. It is true that neither of the witnesses, one of whom had been her counsel and the other was her son, had been present at the marriage ceremony, but the evidence of reputation and cohabitation is competent, and, in the absence of other evidence on the subject of marriage, may be conclusive. The defendant was scarcely in a position to question the fact, however, in view of the admissions in his demurrer, which is of record.

The refusal of the court to grant a new trial is assigned for error. The opinion of the court, refusing the motion, in our view of the case, abundantly justifies its action, and such a refusal is not the subject of an assignment of error, except for a gross abuse of discretion, which is not apparent here.

A number of assignments relate to the refusal of the court to admit the testimony offered by the defendant, under a number of offers, such as : By the assignee : " That at no time during his administration of said estate was action brought against him for dower in this particular property, or demand made upon him for dower." By the auditor, appointed by the court of common pleas of Blair county to pass upon the accounts of John M. Snyder, assignee of Archibald McFadden : " That he decided adversely to Mrs. Barbara McFadden, plaintiff herein, on her claim for dower against funds in the hands of said assignee and to her claim for exemption ; also to show that the said estate was insolvent at the time he made his report on the last account of John M. Snyder, assignee." Also : " That the records showed that considerable sums of money had been paid to the plaintiff on account of any claim or any demand she had against the estate."

None of these offers contained competent evidence, relevant to the issue, then trying, and they were all properly rejected.

The objection to the form of the verdict is also without merit.

It was rendered, of course, with reference to the action upon which it was founded, and, inasmuch as that action was for dower, and dower only, the verdict could not, in the nature of the case, confer a fee.

Title was shown in the assignor. This was sufficient for the purposes of the action. "In an action of dower the plaintiff need go no further back, in showing the title, than a conveyance in fee from defendant to her deceased husband:" Evans v. Evans, 29 Pa. 277.

The defendant having refused to produce the deed, under which he claimed title, it was not error for the court to allow parol evidence as to the identity of the land conveyed to the defendant as to which recovery was sought. Indeed, this was practically admitted by the defendant himself, who was called as on cross-examination.

Without discussion of the various assignments of error seriatim, it is enough to say that, having carefully considered them all, we find nothing in any of them which would warrant any interference on our part with the judgment entered upon the verdict.

Judgment affirmed.