## Bridgeford v. Groh et ux.

*Dower—Ejectment—Action of dower unde nihil habet.*

1. Ejectment is not the proper remedy by a widow to recover her interest in land which her husband, during his lifetime and while married, conveyed without her joinder.

2. A widow should proceed first to establish her dower rights in the property in question by an action of dower *unde nihil habet*, and, after obtaining judgment in such action, she may then maintain ejectment for the land assigned to her by the sheriff.

3. *Semble.* Section 3 of the Intestate Act of June 7, 1917, P. L. 429, in enacting that a widow's share "in lands aliened by her husband in his lifetime without her joining in the conveyance shall be the same as her share in lands of which the husband died seised," is of doubtful constitutionality, in that the title of the act does not reveal its intendment to govern real estate other than that of which decedents died seised.

Rule to dismiss action in ejectment. C. P. No. 2, Phila. Co., Dec. T., 1926, No. 9448.

*William D. Harkins,* for plaintiff; *Allen Hunter White,* for defendants.

LEWIS, J., April 21, 1927.—Is ejectment the proper remedy by a widow to recover her interest in land which her husband during his lifetime and while married conveyed to defendants' grantors without her joinder? This is the question raised by this rule to show cause why the proceedings should not be dismissed.

There is no doubt but that, even prior to the Intestate Act of 1917—with which we shall deal later—a widow had dower rights in property conveyed by her husband during coverture without having her join in the conveyance: Winters *v.* De Turk, 133 Pa. 359; Shupe *v.* Rainey, 255 Pa. 432; Gray *v.* McCune, 23 Pa. 447; Thompson *v.* Morrow, 5 S. & R. 289; Leinaweaver *v.* Stoever, 1 W. & S. 160. There is no such statutory provision in Pennsylvania as there is in some other jurisdictions modifying the common-law rule by having the widow's dower attach only to the lands of which the husband dies seised: see 19 Corpus Juris, 516. The dower to which she was entitled was a life estate in an undivided one-third of the land. None of the intestate acts (including those of April 19, 1794, 3 Sm. Laws, 143, April 8, 1833, P. L. 315, April 1, 1909, P. L. 87) which were in effect prior to 1917 changed this interest or affected it in any way, for they, by their express terms, applied only to lands owned by the decedent at the time of his death: see Merrick *v.* Du Pont, 285 Pa. 368.

What was the proper remedy to recover dower rights, as they existed prior to 1917, in such aliened lands? In the following cases an action at law of dower *unde nihil habet* was used, although apparently no attack upon the form of the action was made: Winters *v.* De Turk, 133 Pa. 359; Gray *v.* McCune, 23 Pa. 447; Borland *v.* Nichols, 12 Pa. 38; Leinaweaver *v.* Stoever, 1 W. &. S. 160; Thompson *v.* Morrow, 5 S. & R. 289; Benner *v.* Evans, 3 P. & W. 454; Shirtz *v.* Shirtz, 5 Watts, 255. In Shupe *v.* Rainey, 255 Pa. 432, the same rights were enforced by a bill in equity for partition and for an accounting. In Merrick *v.* Du Pont, 285 Pa. 368 (although decided in 1926, it was held that the Act of 1917 had no application, since the land in question was con-

veyed by the husband without his wife's joinder prior thereto), the question was raised but not decided by the appellate court as to whether the plaintiff could obtain her common-law right of dower by bill in equity for partition.

As to the widow's right generally to maintain ejectment, we find it said in Pringle *v.* Gaw, 5 S. & R. 536: "By the common law, it is well established that if the widow's claim be in the nature of a dower, an ejectment will not lie before assignment. She is not seised of an undivided third part with the heirs. . . . Ejectment is a possessory action; and it is certain she cannot hold the possession against the heir. She is not seised until assignment of an undivided third part. The widow and heir or heirs are neither tenants in common, joint-tenants nor coparceners. . . . It has been the general understanding in Pennsylvania that a widow cannot support ejectment for her thirds as dower at common law, and that she cannot for her interest under the intestate laws."

In Gourley *v.* Kinley, 66 Pa. 270, it was stated: "Her (the widow's) remedy for the assignment of her share is still by partition or appraisement, as provided by the Partition Act, whether the proceeding is in the Orphans' Court or in the other courts to which concurrent jurisdiction is given. She cannot join with the heirs in bringing ejectment for the land belonging to her deceased husband, nor can she bring ejectment for her interest in the real estate of which her husband died seised: Pringle *v.* Gaw, 5 S. & R. 536; Bratton *v.* Mitchell, 7 Watts, 113."

Altogether, we are satisfied, and we do not understand the plaintiff to differ, that an action of ejectment did not lie to enforce a widow's dower rights, common law or statutory, in her husband's lands prior to the passage of the Intestate Act of 1917. "At common law, if dower is not assigned within the period of quarantine by the heir or devisee or other person seised of the lands subject to dower, the widow had her action at law by writ of dower *unde nihil habet* or by a writ of right of dower against the tenant in possession, upon which, if the demandant obtained judgment, dower was assigned by the sheriff, and she then proceeded to recover possession by ejectment. The writ of dower *unde nihil habet* is the writ uniformly adopted where the common-law action of dower is in use and is available in every case except where the widow has received part of her dower of the tenant of the lands sought to be charged. These common-law writs of dower have been abolished in England, and, although the substance of the common law action is found in the statutes of many of the states in this country, its form has been materially modified, and, in many of them, an entirely different proceeding has been substituted:" 19 Corpus Juris, § 282, page 554.

The petition of the plaintiff is that, no matter what the remedy was prior to the Intestate Act of 1917, the proper remedy now, in view of the change wrought by that enactment from a life interest to an absolute fractional interest, is to bring ejectment against one who disputes the widow's title. As the sale by plaintiff's husband took place since the 1917 act, that act has application thereto: Merrick *v.* Du Pont, 285 Pa. 368. Section 3, after providing, as did the former acts, that the shares directed to be allotted to the widow shall be in lieu and full satisfaction of her dower at common law, so far as relates to land of which the husband died seised, continues: "And her share in lands aliened by her husband in his lifetime, without her joining in the conveyance, shall be the same as her share in lands of which the husband died seised. . . ." The constitutionality of this new provision has been questioned on the ground that the title of the act does not reveal its intendment to govern real estate other than that of which decedents die seized: Stockdale's Estate,

29 Dist. R. 1013, in which it is held in an exhaustive opinion that the Intestate Act of 1917 does not confer jurisdiction on the Orphans' Court to entertain a petition for partition under facts similar to those present here. The language used by Mr. Justice Simpson in Merrick v. Du Pont, 285 Pa. 368, lends color to the proposition that the new provision is invalid under article III, section 3, of the State Constitution, for he speaks of "the distribution of the real and personal property of intestates, which was *the one subject clearly expressed* in the title of the statute." Were we forced to the conclusion that the cited clause of section 3 governs the question involved here, the constitutional problem would be squarely presented, but our conclusion is otherwise.

We cannot follow the argument that the change in the *quantum* of the estate should effect a change in the procedure proper to recover that estate. No reason is advanced by the plaintiff in support of this contention, and we can think of none. Nor are we impressed with the argument that ejectment is the only proper way "to try the question of title" when the defendants, as here, deny the widow's right. In McFadden v. McFadden, 32 Pa. Superior Ct. 534, Judge Beaver opened his opinion by saying: "Plaintiff brought her common-law action of dower against the defendant, who was the purchaser at assignee's sale of certain property conveyed by her husband during his lifetime to an assignee for the benefit of creditors. As to her remedy: A widow may claim her statutory dower by the common-law action when the land is in the adverse possession of one denying her right or of one not amenable to the Orphans' Court process: Evans v. Evans, 29 Pa. 277." The action was also brought in Common Pleas No. 4 in Reuss v. Le Gierse, 25 Dist. R. 465. In the early case of Galbraith v. Green, 13 S. & R. 85, an action of dower was brought against persons claiming by title adverse to the decedent's heirs.

Perhaps the real point of the plaintiff is that ejectment should be permitted as a short-cut, for it is stated that an action of dower can only result in a judgment that she is entitled to a certain portion of the real estate. If this judgment is not obeyed, it is said she will then have to bring ejectment. While we agree with the desirability of expediting the litigation, our review of the authorities, which we have tried to make a careful and analytical one, does not convince us that the present action of ejectment can be maintained. It is logical that the plaintiff should proceed first to establish her dower rights in the property in question, and ejectment is not the proper first step in that direction.

Rule absolute. Judgment is here entered in favor of the defendants, without prejudice.