## King v. Haller

*Duffy, McTighe & McElhone*, for plaintiff.

*Ronald H. Israelit*, for defendants.

FORREST, P. J., January 10, 1962.—Plaintiff, Laney King, brought this action in equity for partition to enforce her rights as a widow in real estate conveyed by her deceased husband, Earl King, without her joinder in the deed. Defendants filed preliminary objections raising defenses (1) of nonjoinder of necessary parties; (2) lack of jurisdiction of the subject matter; and (3) demurrer. These will now be considered.

First, defendants contend that since the deed by plaintiff's husband shows on its face that it was joined in by Viola King as wife of Earl King, Viola should be named as a defendant. The averments of the complaint are deemed admitted for purposes of disposing of preliminary objections. Accordingly, it appears that Viola never was the wife of Earl King and hence, is not his widow; instead, plaintiff is his widow. Thus, Viola never had any interest in the real estate. Even if she formerly had an interest, she voluntarily divested herself of same by joining in the deed with Earl. Since the complaint does not disclose any interest of Viola in the real estate, nor any direct or indirect claim by plaintiff against or affecting Viola or any property of

Viola, the latter is not a necessary party. "Persons having only a joint interest in the subject matter of an action must be joined on the same side as . . . defendants": Pa. R. C. P. 2227(a). However, defendants in the instant case are the grantees of Earl King and Viola, and their interest in no wise can be regarded properly as a joint interest with Viola; indeed, it clearly appears to be opposed to Viola's interest.

Defendants contend that the administrator of the estate of plaintiff's husband, Earl King, should be joined as a defendant. However, this husband allegedly conveyed his interest without plaintiff's joinder, as he was at liberty to do: Smigell v. Brod, 366 Pa. 612 (1951). Therefore, since he voluntarily divested himself of any claim to the property, there is no reason why he or his personal representative need be made a defendant in this action by plaintiff asserting her statutory right under the Intestate Act of April 24, 1947, P. L. 80, sec. 5, 20 PS §1.5.

Second, defendants assert that exclusive jurisdiction of plaintiff's claim is in the Orphans' Court of Bucks County, in which county Earl King resided at the time of his death. The orphans' court does have "exclusive jurisdiction of: . . . The administration and distribution of the real and personal property of decedents' estates." Orphans' Court Act of August 10, 1951, P. L. 1163, sec. 301, 20 PS §2080.301(1): ". . . the venue for all purposes shall be as follows:

"(1) . . . In the case of a decedent's estate, in the county where the letters are granted to the personal representative . . .": Orphans' Court Act of 1951, sec. 305, 20 PS §2080.305. However, as we have already stated, decedent, Earl King, allegedly made an inter vivos conveyance of his interest in the real estate. Hence, his estate has no interest therein. From this it follows that the Orphans' Court of Bucks County has no jurisdiction over such real estate.

Finally, defendants contend that plaintiff has an adequate remedy at law. We disagree. Plaintiff has an undivided interest in real estate. As such, she is entitled to have a partition of the same. The court of common pleas has "all the power and jurisdiction of a court of equity in all cases of dower and partition . . .": Act of July 7, 1885, P. L. 257, sec. 1, 17 PS §291. Equity has taken jurisdiction in numerous cases since the passage of this act: Heller's Appeal, 116 Pa. 534 (1887) ; Shupe v. Rainey, 255 Pa. 432 (1917) ; Ladner v. Conver, 60 D. & C. 512 (1947).

Plaintiff also seeks an accounting of one-third of the rents from the premises since the date of her husband's death. Equity has jurisdiction in cases involving an accounting unless the remedy at law is "simple and complete": 13 P. L. Encyc. 461 (Equity, §18). Equity takes jurisdiction when the accounts are mutual or complicated, or when discovery is needed and is material to the relief: Ebbert v. Plymouth Oil Co., 348 Pa. 129 (1943) ; Borbidge v. Non-Ferrous Metal Products, Inc., 74 Montg. 130 (1957) ; 8 Standard Pa. Practice, Accounting (Revised) p. 363.

And now, January 10, 1962, the preliminary objections to the complaint are overruled. Defendants are allowed 20 days from the date hereof within which to file their answer. Exception to defendants.