IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

NORTHERN DISTRICT, JUNE TERM 1836.

## Shirtz *against* Shirtz.

The short entry usually made, "judgment on verdict," may, in a *scire facias* upon
it, be considered as the judgment which the plaintiff was entitled to have.

In an action of dower, if the jury find that the husband of the plaintiff did not die
seised, and find the annual value of the premises at the time of alienation, the latter part
of the finding is surplusage; and upon a *scire facias*, by the plaintiff demanding seisin
of dower, she is entitled to recover, as if the judgment had been rightly and fully en-
tered.

In the execution of a writ of seisin, the plaintiff is entitled to be endowed according
to the value of the land at the time of assigning the dower : leaving out of the estimate
only the value of improvements made thereon since the alienation by the husband.

ERROR to the common pleas of *Columbia* county. ·
Magdalena Shirtz *v.* Jacob Shirtz. The plaintiff brought an action
of dower against the defendant, in which the jury found a verdict,
" that Tobias Shirtz did not die seised; that the whole annual value
of the premises at the time of the alienation was 33 dollars ; one third
of which they find to be of the annual value of 11 dollars." Upon
which the entry was made, " judgment on verdict."

The plaintiff, upon this judgment, sued out the following writ of
*scire facias:*
· " Columbia county, ss. The commonwealth of Pennsylvania to
the sheriff of Columbia county, greeting : Whereas, Magdalena
Shirtz, lately in our circuit court, for the county aforesaid, before

[Shirtz v. Shirtz.]

the judges of the same court at Danville, to wit, on the 4th day of May, in the year of our Lord one thousand eight hundred and thirty-three, there, by the judgment of the same court, did recover against Jacob Shirtz one-third part of two messuages, eighty acres of arable land, twenty acres of meadow and fifty acres of wood land, situate in the township of Limestone, in the county of Columbia aforesaid, as the dower of her, the said Magdalena, of the endowment of To-bias Shirtz, deceased, her late husband, by one writ of dower, whereof she nothing hath.  Yet the execution of the said judgment remaineth to be made, as on the information of the said Magdalena we have been given to understand.  Wherefore, the said Magdalena besought us to provide for her a proper remedy in this behalf; and because we are willing that these things that in our same court are rightly acted should be brought to due execution. We command you that justly and without delay, by good and lawful men of your baili-wick, you make known to the said Jacob Shirtz that he be and ap-pear before our judges at Danville, at our court of common pleas, there to be held the third Monday of August next, to show cause, if any he have, why the said Magdalena her seisin of dower in the said premises should not forthwith have.  And, further, to do and receive all and whatsoever our said court shall consider in that be-half.  And have you then and there the names of those by whom you shall so make known to the said Jacob Shirtz, and this writ. Witness the honourable Ellis Lewis, Esq., at Danville, twenty-third day of April, in the year of our Lord one thousand eight hundred and thirty-four."

"The defendant pleads nul tiel record.

"The defendant further pleads, that the verdict upon which said judgment was rendered, to wit, at said county, the 3d of May 1833, found that the said Tobias did not die seised of said premises; and that the annual value thereof at the time of the alienation of said premises by said Tobias to said defendant, was 33 dollars; and one third thereof, 11 dollars, for which said third the defendant has al-ways been ready and willing to pay and satisfy said plaintiff, but the same has never been demanded; and this the said Jacob is ready to verify, and whereof he prays judgment.

"And the said defendant further pleads, that on the 1st of July 1834, at the county aforesaid, he tendered to the plaintiff 12 dollars 60 cents, the whole amount of said dower and costs then due and payable to the said plaintiff on the said judgment; and the same being then and there refused by the said plaintiff, the defendant paid the same to the prothonotary of this court, where the same yet re-mains ready for the said plaintiff; and this he is ready to verify, whereupon he prays judgment."

"To the first plea above stated, the plaintiff replies there is such a record.

"And the said Magdalena Shirtz, by her said attorney, E. Gree-

nough, saith that the second and third pleas of the said Jacob Shirtz above stated, and the matters therein contained, in manner and form as the same are above pleaded and set forth, are not sufficient in law to bar or preclude the said Magdalena from having her writ of seisin of dower against the said Jacob, in manner and form as she has set forth and prayed in her writ of *scire facias ;* and that she is not bound by the laws of the land to answer the same; and this she is ready to verify: wherefore, for want of a sufficient plea in this behalf, she, the said Magdalena Shirtz, prays judgment; and that she may have her writ of seisin of dower against him, the said Jacob Shirtz. And the said Magdalena, according to the form of the statute in such cases made and provided, states and shows to the court here the following causes of demurrer, to wit: for, that the said defendant hath not by his said plea confessed and avoided, or traversed and denied, the recovery and judgment in the said writ of *scire facias* recited. Nor hath he traversed or denied, or attempted to put in issue, any matter of fact in said writ recited; and that said plea is no answer to said writ, but is evasive, and in other respects uncertain, informal and insufficient."

Joinder in demurrer.

The court below, (Lewis, President), upon argument, rendered a judgment for the plaintiff upon the demurrer.

*Frick* and *Bellas,* for the plaintiff in error, to show that when the husband does not die seised, the seisin of the plaintiff can only be according to the value at the time of alienation, cited Humphrey *v.* Phinney, 2 *Johns.* 484; Dorchester *v.* Corvantry, 11 *Ibid.* 510; Dolf *v.* Basset, 15 *Ibid.* 23; Shaw *v.* White, 13 *Ibid.* 179; Winder *v.* Little, 1 *Yeates* 154; 2 *Saund.* 45, *note* 4; 1 *Chit. Pl.* 480; 2 *Stra.* 1171.

*Hepburn* and *Greenough,* contra, cited Barnet *v.* Barnet, 15 *Serg. & Rawle* 72; Lineweaver *v.* Stoever, 17 *Ibid.* 297; Benner *v.* Evans, 3 *Penns. Rep.* 456.

The opinion of the Court was delivered by

KENNEDY, J.—The court below were clearly right in rendering judgment for the plaintiff. The judgment, recited in the *scire facias,* is such as the demandant was entitled to have upon the verdict of the jury in her writ of dower; and, therefore, the short entry made by the clerk, of "judgment on verdict," must be considered as having been carried out afterwards in that form. And it having been proved, to the conviction of the jury on the trial, that the husband of the demandant had alienated the land, of which she sought to recover dower, during the marriage, and consequently did not die seised of it, the jury had nothing to do with the annual value thereof at any time, neither at the time of alienation nor at any other; therefore, that part of their verdict may be regarded as surplusage,

V.—2 H

or rejected altogether.   This is according to what was done in the cases of Lineweaver *v.* Stoever, 17 *Serg. & Rawle* 297; and Benner *v.* Evans, 3 *Penns. Rep.* 454.   It has, however, been argued that the judgment upon the verdict ought to be considered as a judgment to recover one-third part of the land according to the value of it *at the time of the alienation;* and that the judgment not being so recited in the *scire facias,* the plea of *nul tiel record* is sustained. Such, it is true, would appear to be the form in which judgment is given in such case in the state of New York, when the jury find that the husband did not die seised.   And this form may be very proper there, because it seems to be settled in that state, that the widow is not entitled to the benefit of any increase or rise in the value of the land that may have taken place, independent of the improvements made thereon, from the general progressive state of the improvement in the surrounding country, from the time of alienation to the time of recovery.   But in this state it was held, in Thompson *v.* Morrow, 5 *Serg. & Rawle* 289, after two arguments by counsel, and great deliberation by the court, that she was entitled in the case of land alienated by her husband during the marriage, to be endowed of it according to the value *at the time of assigning the dower,* excluding therefrom merely the value of the improvements made by the purchaser and terre-tenants subsequently to the alienation.   And this has been considered the settled rule on the subject ever since, and meets the entire approbation of the court now as well as in time past. But such a judgment, as the counsel for the plaintiff in error contend for, would come in direct conflict with this, because it would restrict her to one-third part only of the land according to the value of it at the time of alienation, though it might have risen in value from that time more than one hundred per cent, without any improvement whatever having been made thereon by any person.   Such a judgment, therefore, would go to defeat the demandant, at least in some cases, of what has been determined and settled to be her *just right.* Where the land has not risen in its value, except from improvements made on it by the purchaser or tenants subsequently to the alienation, such judgment might answer the purpose, because it would in that particular case be giving to the demandant all she had any right to claim.   But it is certainly more convenient, and indeed indispensably requisite, in order to secure to the demandants in all cases what they are in justice and by law entitled to, that that form should be adopted and observed, which is best suited to enable the sheriff and the inquest, on the execution of the writ of seisin, to give to the plaintiff in each particular case such portion of the lands as, according to the rule mentioned, she shall be entitled to.   The form recited in the *scire facias* seems to meet fully the exigency of every case that can arise; for upon it the demandant has a right to sue out a writ of seisin, directed to the sheriff of the county, whose duty it will be to execute the same according to the law of the case, or in other words according as he and the inquest summoned to

[Shirtz v. Shirtz.]

his aid shall find the state of facts to be. And in the present case, for instance, it would be his duty, in conjunction with the inquest which he shall call to his aid in the execution of the writ of seisin, to lay off by metes and bounds one-third part of the premises mentioned therein, according to their value at the time of doing so, leaving out of the estimate merely the value of the improvements made thereon, if any, since the time of the alienation by the husband. If the rule, which ought to govern the sheriff and the inquest in the execution of the writ of seisin, should happen to be misapprehended or not observed by them, the court, on the writ's being returned by the sheriff, at the instance of the party aggrieved, has it fully in its power to grant such relief as shall be necessary in order to do complete justice between the parties, and to obtain a due execution of the writ by giving to the demandant what is her just right and no more. This matter is fully explained, and the same rule mentioned above laid down in Benner *v.* Evans, 3 *Penns. Rep.* 456,457. We, therefore, think the plea of *nul tiel record* was disproved by the record produced, and that the plaintiff below was entitled to judgment upon the issue joined thereon.

The second and third pleas are perfect nullities, and no answer whatever to the plaintiff's demand. She had made no claim to money under her judgment; nor can she be compelled to accept of it. She has a judgment to recover one-third part of the land; and nothing but that, without her own consent, can be made to satisfy her.

Judgment affirmed.