# Kelso's Appeal.

1. A sale by an assignee in bankruptcy of lands of the bankrupt, under an order by the United States District Court, "free of all liens and incumbrances," does not divest the right of the bankrupt's wife to claim dower in such lands, after the death of her husband.

2. Lazear *v.* Porter, 6 Norr. 513, followed.

3. Assertions made by the bankrupt's wife to an intending purchaser, just prior to the sale, that she has no claim of dower and will make none, followed by a purchase on the faith of such assertions, do not estop her from subsequently claiming dower of the lands in said purchaser's possession.

4. The Common Pleas has jurisdiction in equity of a bill filed by the widow against such purchaser, praying to have dower set out, and for an account of rents and profits since her husband's death.

5. Under the circumstances of this case, the Supreme Court, while affirming a decree in favor of the complainant, imposed on her one-half of all the costs in the case.

December 7th 1882.   Before SHARSWOOD, C. J , MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL from the Court of Common Pleas of *Erie county :* In Equity.   Of January Term 1883, No. 106.

This was a bill in equity, filed by Eliza Jane Sturgeon, widow of Andrew Sturgeon, deceased, against Melvin M. Kelso, praying that one-third part of a certain tract of 110 acres of land, of which her husband was in his lifetime seised, and of which the defendant was in possession, be set out to her for her dower; and for an account of the rents and profits thereof since the death of her husband.

The defendant filed an answer, and the cause was referred to Frank Gunnison, Esq., as examiner and master, whose findings of fact and conclusions of law were in substance, as follows:

The complainant is the widow of Andrew Sturgeon, who died February 25th 1879.  He was seised in his life-time of the premises in question which were encumbered by mortgages, executed by him and judgments entered against him.  He was adjudicated a bankrupt, and the premises in question were assigned to his assignee in bankruptcy, by whom the same were sold under an order of the District Court of the United States "free of all liens and incumbrances," at which sale Melvin M. Kelso, the defendant, became the purchaser for the sum of $11,800.  The sale was duly confirmed, the deed delivered and the purchase money paid.

Upon the morning of the sale, Mr. Kelso, with the assignee n bankruptcy and another witness, called on Mrs. Sturgeon and

inquired of her whether she claimed to have any right of dower in the farm. She replied : " You needn't hesitate a moment on that account, as I make no claim whatever, nor don't intend to; if you want to buy the place Mr. Kelso, you needn't hesitate; I'll never make you any trouble." Mr. Sturgeon, the complainant's husband, was present at this interview. Mr. Kelso testified that but for this statement of Mrs. Sturgeon, he would not have bought the farm.

The Master reported (1) that the court had jurisdiction of the bill; (2) that the widow's right of dower was not divested by the sale in bankruptcy; and (3) that the complainant, being a married woman at the time of making the above statements, was not thereby estopped from subsequently claiming her dower. He, therefore, reported (4) a decree in accordance with the prayers of the bill, and (5) the defendant to pay all costs in the case.

Exceptions, filed by the defendant to the above findings and decree, were overruled by the court (GALBRAITH, P. J.) ; and, the parties having agreed (without prejudice), upon certain amounts to represent the complainant's proportion of the rents and profits since the death of her husband, and upon a yearly amount to be paid to her during her life in lieu of setting out to her one-third of the land, the court entered a final decree, directing the defendant to pay to complainant said amounts, and charging the annual payments during her life-time upon said lands; and further, that the defendant pay all the costs in the case, including the Master's fee of $150.

The defendant took this appeal, assigning for error the dismissal of his exceptions to the Master's report and the said final decree.

*Benson* (with him *Brainerd & Woodruff*), for the appellant.—Lands in Pennsylvania are assets for the payment of debts, and a judicial sale for the payment thereof discharges dower. In this case, the land was incumbered by mortgages executed by the husband, and by judgments obtained against him. The United States Court in Bankruptcy, having undoubted jurisdiction, ordered a sale free of all liens and incumbrances, which were in fact paid out of the purchase money. The sale was made in the life-time of the husband, and the dower, then inchoate, was divested. The purchaser paid full value for the entire estate, after inquiry of the complainant and positive assertions by her that she had no claim for dower and would make none. While the principles of estoppel do not in general apply to married women, yet in a case such as this, the principle that encouragement to purchase amounts to an estoppel to prevent fraud, applies: Miller *v.* Miller, 10 P. F. S. 16; McKelvey *v.*

Truby, 4 W. & S. 323; McCormick *v.* McMurtrie, 4 Watts 195.

This case is distinguishable from Lazear *v.* Porter, 6 Norris 513. The liens in that case were judgments, and in this case they were mortgages, executed by the husband; a judicial sale under such mortgage or in discharge thereof, during the lifetime of the husband, divests prospective dower. For purposes of security the mortgage is a conveyance of the land: Nerpel's Appeal, 10 Norris 334; see also Worcester *v.* Clark, 2 Grant 84.

Costs in equity are within the discretion of the court and in view of the moral if not legal fraud of the complainant, the court should have imposed the costs on her and not on the defendant.

*L. S. Norton* (with him *J. C. Sturgeon* and *C. B. Curtis*), for the appellee, relied on Lazear *v.* Porter, 6 Norris 513.

Mr. Justice MERCUR delivered the opinion of the court, December 30th 1882.

The main question in this case was ruled in Lazear *v.* Porter, 6 Norris 513. That being so recently decided, we do not now think it necessary to travel over the same ground again. We there held that a sale of the land of a bankrupt in pursuance of a decree in bankruptcy did not divest the dower of the bankrupt's wife. The authorities there cited show under a general assignment for the benefit of creditors by an insolvent, his widow's right of dower does not pass. It was therefore held that such effect should be given to the deed of a bankrupt, conveying his real estate to an assignee. His wife's contingent right of dower does not pass to the assignee. The power of sale is limited to the estate which the bankrupt conveyed to him. Whether or not there are judgment liens against the bankrupt does not, as to his wife, change the quantum of estate which passes by his deed. We adhere to the law as declared in Lazear *v.* Porter. We discover no reason to disturb the decree of the court, except as to the question of costs. The case presents some strong equities in favor of the appellant. They are not sufficient to estop the appellee from maintaining her right of dower: but we think all the costs of ascertaining the rights of the parties should not be imposed on the appellant. An equal division of them between the parties will be just and equitable. It is therefore ordered that the decree be so modified as to impose one-half of all the costs on each party, and thus modified, the

Decree is affirmed.

SHARSWOOD, C. J., dissented.