Bridgeford, Appellant, *v.* Groh et ux.

Argued January 13, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

568

*Hugh Roberts,* for appellant.—If property is aliened by deceased in lifetime, his widow is under Intestate Act of 1917, entitled to advantage of improvements on land at husband's death, said improvements having been substituted for others on land at date of alienation.

Where premises are conveyed clear of encumbrances to defendants, defendants cannot set-off against grantor's widow, under Intestate Act of 1917, mortgages admittedly paid off by grantors before conveyance to defendants.

If a widow has been denied possession, rents and income of premises and where pleadings in suit to recover same aver demand, and case submitted to jury by agreement that the jury should find only whether or not the widow is entitled to dower, the form, quantum, and nature to be determined by the court, the court is not justified in assuming there was no demand in denying damages for detention, interest, mesne profits and costs.

No demand is necessary under Intestate Act of 1917, to entitle widow to damages for detention of dower, interest, mesne profits and costs.

The Intestate Act of 1917 and the Fiduciaries Act of 1917 sufficiently show that the widow with one child is also entitled to her exemption as well as to her one-half interest in fee simple.

*Allen Hunter White,* with him *Rowland C. Evans, Jr.,* and *Ballard, Spahr, Andrews & Ingersoll,* for appellee. —Where the deceased husband aliened without his wife during his lifetime, the defendant, even though he loses, is not mulcted in damages (rents or profits) because he required the widow to prove her case. Since she cannot recover damages in such a case, she does not get her costs, because costs too are a creature of statute and the Statute of Gloucester, which is the only pertinent statute, gives costs only where damages are recovered: Thompson v. Morrow, 5 S. & R. 289; Benner v. Evans, 3 P. & W. 454; Sharp v. Pettit, 3 Yeates 389; Lineaweaver v. Stoever, 17 S. & R. 297; Shupe v. Rainey, 255 Pa. 432, 444.

Where the husband aliens during his lifetime, the grantee is in a very different position from that of the heir who takes land of which the husband dies seized. The heir takes only on the husband's death and if he makes improvements he does it when he knows the land is subject to dower and that it should be assigned to the widow.

The grantee, however, takes as soon as the husband conveys and there is then no means of knowing whether any dower at all shall attach because a wife's dower becomes consummate only on her husband's death and if she survives him: Benner v. Evans, 3 P. & W. 454; Shirtz v. Shirtz, 5 Watts 255; Shupe v. Rainey, 255 Pa. 432.

The widow's dower cannot be broader than her husmand's rights, on which it depends. She cannot have rights in more than he himself could have had. Consequently, her dower is subject to mortgages on the land when he gets title and which he himself creates, whether the wife joined in the mortgages or not; for his own rights are subject to them: Scott v. Crosdale, 2 Dallas 127; Reed v. Morrison, 12 S. & R. 18.

The Intestate Act of 1917 has made no change as to the rules of law concerning improvements, mortgages, damages, mesne profits or costs where the husband aliened in his lifetime: Borland v. Nichols, 12 Pa. 38; Merrick v. Dupont, 285 Pa. 368; Lineaweaver v. Stoever, 1 W. & S. 160.

Opinion by Mr. Justice Schaffer, March 14, 1932:

John J. Bridgeford, on May 19, 1919, became the owner in fee of the real estate which is involved in this litigation. At that time and up until the time of his death, in October, 1926, he was the lawful husband of Mary Bridgeford, plaintiff in this action. One of their children survived him. The purchase price of the property was $8,000, subject to a mortgage of $4,000, then a lien thereon. On the same day on which he acquired title Bridgeford further encumbered the property by creating an additional mortgage on it of $3,000. Also on the same day he conveyed the property to Helen C. Bridgeford, subject to the two mortgages. She was described in the deed as the wife of John J. Bridgeford. Plaintiff did not join in the conveyance. On September 29, 1921, Helen C. Bridgeford conveyed the property to

the defendants clear of encumbrance. John J. Bridgeford joined with her in the conveyance as her husband.

On November 25, 1914, John J. Bridgeford and Helen C. Bridgeford, after securing a license therefor, went through a marriage ceremony which was performed by a priest in a Philadelphia church. They lived together as husband and wife until he died; and they had three children, who were baptized as their lawful issue in the same church. Helen C. Bridgeford could not be found at the time of the trial and therefore her testimony was not taken. No improvements were made to the property by John J. Bridgeford or Helen C. Bridgeford. Subsequent to the date of the conveyance to the defendant and prior to John J. Bridgeford's death, the defendants demolished and removed the buildings then on the land and erected another building thereon.

At the trial, as a result of the agreement of counsel, the only question submitted to the jury was whether the plaintiff is entitled to common law dower or statutory rights (not which thereof) in the property in question, which they determined she is. The agreement provided that if the jury so found, the court should therafter determine the exact amount of her interest. Accordingly the court decided that the plaintiff should recover against the defendants a one-half absolute or fee simple interest in the premises in question, according to the value of the land at the time her interest is assigned to her, but without any benefit to her of improvements which have been erected thereon since the alienation of the property by her husband and less her proportionate part of the mortgages previously encumbering the property in the amount of $7,000 and without any damages, mesne profits or costs.

From the judgment so entered plaintiff appeals, contending that she is entitled (1) to the advantage of the improvements placed on the land by defendants, which were there when her husband died; (2) that she is not chargeable with any part of the mortgages which were

on the property when he aliened it; (3) that she is entitled to damages for detention, interest, mesne profits and costs, and this whether or not she made demand for the assignment of her dower; (4) that she is entitled, in addition to the interest in the property which the law gives her, to her widow's exemption.

We will first dispose of the last claim, which is stated, but not argued, in appellant's brief. This is not a proceeding to set aside to her the exemption allowed by law, but a writ of dower. Her exemption, if she had any claim to it, could not be adjudicated to her in this action. Under section 12 of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 P. S., section 471, it is provided that such exemption comes out of property belonging to the decedent's estate and as the decedent long before his death had parted with all his interest in the land by the conveyance to his "second wife," it formed no part of his estate. Certainly the "estate" of decedent is "a description having no application to property in which he divested himself of all estate prior to his death": Borland v. Nichols, 12 Pa. 38, 42. Moreover, the procedure for obtaining a widow's exemption from her deceased husband's estate is in the orphans' court and not the common pleas, where this action is.

A widow's "dower" rights may arise in two separate situations which are fundamentally different, both in law and in fact: (1) where the husband dies seized of the land; (2) where the husband has aliened the land during his lifetime, without his wife joining in the conveyance. The present case is of the latter class.

In cases where the husband aliens in his lifetime without his wife's joinder in the conveyance, the grantee in many instances is not in a position to know with certainty whether his grantor has a wife living, or, where a putative wife signs the deed, whether she is so lawfully. In the instant case, title came to the defendants from the reputed wife to whom the prior deed had been made and there was nothing to indicate to them that she was

not the lawful spouse of her husband; indeed, everything indicated that she was. Defendants paid her full value for the land. Consequently a grantee under such circumstances should not be made to suffer beyond the clear requirements of the law.

The plaintiff is not entitled to the advantage of the improvements placed on the land by defendants which were there when her husband died. Where the husband dies seized, survived by his wife and one child, all that the wife can claim is one-half of the land itself in the condition in which it was at the death of her husband, but if after his death and before the assignment of dower, the heir makes improvements, the widow's claim includes the improvements to the estate according to its value at the time dower is assigned to her "because it was the folly of the heir to make improvements on land which he knew to be subject to dower: Co. Litt., 32a, section 36. The law is different, however when the husband aliens the land during coverture, for there the wife shall derive no advantage from any improvements made by the alienee": Thompson v. Morrow, 5 S. & R. 289, 290; Benner v. Evans, 3 P. & W. 454; Shirtz v. Shirtz, 5 Watts 255; Shupe v. Rainey, 255 Pa. 432. Nor can plaintiff take any benefit from the improvements on the land which existed at the time of her husband's alienation, and were later removed by defendants before the death of her husband. "She runs the risk of any deterioration of the estate, which may arise either from public misfortune or the negligence or even the voluntary act of the alienee; for although he destroy the buildings erected by the husband, the widow has no remedy, nor can she recover any more than one-third of the land as she finds it at the death of her husband": Thompson v. Morrow, supra, at page 291. This rule is borne out by other authorities. See 19 C. J., page 576, section 366; 2 Scribner on Dower, 2d edition, 635; Sanders v. McMillan, 98 Ala. 144, 11 So. 750; Butler v. Fitz-

gerald, 43 Neb. 192, 61 N. W. 640; McClanahan v. Porter, 10 Mo. 746.

Plaintiff is chargeable with her share (one-half) of the mortgages which were on the property when her husband aliened it. In this connection, it is to be noted that the mortgages at this time amounted to $7,000. When Helen C. Bridgeford, her putative husband joining, conveyed to defendants, they did so clear of encumbrances, but we are not dealing with the property at that time, but at the time when John J. Bridgeford parted with his interest and that was when he conveyed it to his "second wife" Helen. At that juncture it was subject to the mortgages. A widow's dower cannot be broader than her husband's rights on which it depends: 19 C. J., pages 460, 489. Her inchoate interest is subject to mortgages on the land when he gets title and which he himself creates, whether she joins in them or not. If such mortgages are foreclosed, her dower is lost: Scott v. Crosdale, 2 Dallas 127; Mitchell v. Mitchell, 8 Pa. 126. If he encumbers the land prior to the attaching of dower, the dower is subject to them (Mitchell, Real Estate and Conveyancing in Pennsylvania, 141) and if the land is thereafter sold on foreclosure, the widow has only an interest in the surplus moneys: Reed v. Morrison, 12 S. & R. 18, 21. If mortgages are outstanding at the time her husband aliens the property, the widow is bound to contribute ratably for their redemption, otherwise she gets no dower in such encumbered land: Ibid.; 1 Scribner on Dower, 2d edition, 519. We agree with the court below that the plaintiff's rights in the property are subject to her one-half proportionate part of the $7,000 of mortgages which encumbered it when her husband had title. Her dower rights could not embrace more than her husband himself had.

Plaintiff is not entitled to damages for detention, interest, mesne profits or costs irrespective of whether she made demand or not. The Statute of Merton (20 Henry III, chapter 1, Robert's Digest of Select British Stat-

utes, 2d edition, page 179), which is the sole authority for such recovery, applies only where the husband died seized (Benner v. Evans, 3 P. & W. 454), and here he did not so die. Costs can be given only where damages are recovered under the Statute of Gloucester (6 Edw. I, chapter 1, Robert's Digest, page 107), and as no damages are recoverable neither are costs: Benner v. Evans, supra.

Appellant contends that the Intestate Act of June 7, 1917, P. L. 429, changed all the prior existing law on the matter before us and has made inapplicable all the earlier decisions. With this broad challenge we cannot agree. In Merrick v. DuPont, 285 Pa. 368, we reannounced a principle operative throughout the whole course of our existence as a Commonwealth in which the foundations of jurisprudence are in the common law, that a statute should be so interpreted that it will accord, as nearly as may be, with the theretofore existing course of the common law. We were in that case applying the principle to the very act now before us. It gives no evidence of any legislative intent to change the common law further than in the quantum of the interest given to the widow. The applicable section of the act (section 3) reads: "The shares of the estate directed by this act to be allotted to the widow shall be in lieu and full satisfaction of her dower at common law, so far as relates to land of which the husband died seized; and her share in lands aliened by the husband in his lifetime, without her joining in the conveyance, shall be the same as her share in lands of which the husband died seized." In the instant case this is a one-half interest in fee simple. All that section 3 provides is that her share shall be the same as her share in lands of which her husband died seized, and the purpose of the clause is to provide that, whereas before the act the widow would have been entitled only to a one-third life interest in land aliened by her husband in his lifetime, she is thenceforth to be entitled, where there is only one

child, to a one-half interest in fee simple. As was said by the learned judge of the court below, there is nothing which indicates that the real estate aliened by her husband and in which her share is thus fixed shall be considered as of the same value, or as of the same physical condition, or subject to the same encumbrances as it might or would have been had the husband continued to own the property and been seized thereof at the time of his death. It is not to be presumed that by this section of the act it was intended to sweep away all such limitations and qualifications of the widow's claim under such circumstances, as limited her right under the common law. Notwithstanding the many statutes which have been passed giving the widow a statutory right to a part of her husband's real estate in lieu of common law dower, it has always been held that the new interest thus created is in itself in the nature of dower, chargeable with the incidents of that estate.

The judgment of the court below is affirmed.