## Way v. Way

*Randolph Stauffer*, for libellant.

MAYS, J., June 29, 1943.—The master to whom the above-entitled case was referred filed a report in which he concludes that the conduct of the respondent toward the libellant constituted indignities to the person and cruel and barbarous treatment. He recommends, however, that all proceedings subsequent to the filing of the libel be quashed. He makes the following conclusion of law:

### "III

"It appearing from the record in this case that the subpœna was awarded Friday, November 13, 1942, returnable to the second Monday of December, 1942, which second Monday was December 14, 1942; and it further appearing from the provisions of the divorce law that a subpœna in divorce shall be returnable not less than thirty days after the award thereof; and it further appearing that under the provisions of the

Statutory Construction Act, when any period of time is referred to in any law, such period in all cases shall be so computed as to exclude the first and include the last day of such period, and whenever the last day of any such period shall fall on Sunday, such day shall be omitted from the computation; and it further appearing that the last day of said thirty-day period in this case fell on the Sunday preceding the return day of said subpœna, which return day was the second Monday of December—December 14, 1942—the respondent was, under the law, not bound to appear on said second Monday of December, 1942, and is consequently not within the jurisdiction of this court."

The libellant filed exceptions to the master's report alleging error in finding that this court was without jurisdiction and in failing to recommend that the prayer of the libel be granted.

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. III, sec. 38, 46 PS §538, reads as follows:

"When any period of time is referred to in any law, such period in all cases, except as otherwise provided in sections thirty-nine and forty, shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."

We cannot agree with the master because, as we read the above quotation from the act of assembly itself, the provisions do not refer to the question involved in this case. This act applies where, by law or order of court, some day in the future is fixed upon which an act shall be done, and where the day upon which the act is to be done falls on a Sunday that day shall not count. That is not this case, because here no

act was required to be performed on a Sunday preceding the return day, or even on the return day. The law does not impose upon the respondent the duty of performing any act on the particular return day.

The above-quoted section of the Statutory Construction Act, supra, is a reënactment of such portion of section 1, Act of June 20, 1883, P. L. 136, as relates to statutes. Article IV, sec. 51, of the Statutory Construction Act, supra, 46 PS §551, provides inter alia that when the words of a law are not explicit the intention of the legislature may be ascertained by considering, among other matters, "the former law, if any, including other laws upon the same or similar subjects".

The Act of 1883, supra, has been judicially construed by the courts of common pleas and by the Superior and Supreme Courts of Pennsylvania.

In Lit Brothers v. Dixon et ux., 20 D. & C. 98, Hause, P. J., held (syllabus) :

"The Act of June 20, 1883, P. L. 136, regulating the computation of time under statutes, applies only where the statute specifies a period of time within which some action must be taken. . . ."

In Gordon, Secretary of Banking, v. Home Indemnity Co., 121 Pa. Superior Ct. 241, the court said (p. 245) :

"Our Act of June 20, 1883, P. L. 136, regulating the computation of time under statutes, rules, orders and decrees of court, and under the charters and by-laws of corporations, does not apply here; but, as stated in Gregg's Estate, supra, the act is merely declaratory of the long established rule that in computing the period of time within which an act is to be done the first day of a designated period shall be excluded and the last included, and whenever the last day falls on Sunday, or a legal holiday, it shall be omitted from the computation."

Since the Acts of 1883 and 1937, supra, as they relate to statutes, are practically the same, it may be presumed that the legislature did not intend to make any alterations in the common law other than as the act definitely and specifically declares. Statutes should be so interpreted that they will accord as nearly as possible with theretofore existing common law: Bridgeford v. Groh et ux., 306 Pa. 566; Vale Pa. D., 317, sec. 222.

The identical question raised by the master was passed upon in the case of Fordham v. Fordham, 15 W. N. C. 250 (1884). The lower court held that Sunday should not be included in the count, and set aside all proceedings after the libel. Libellant appealed to the Supreme Court, which reversed, saying, by Paxson, J.:

"It was conceded that if the day the writ issued be excluded in the computation, there would be the full time required, but for the fact that the day immediately preceding the return day was a Sunday. For this reason the learned Judge below excluded the latter day from his calculation, which made the time one day too short. In doing this, the learned Judge inadvertently fell into error. It is true there is a line of cases familiar to the profession which hold that where an act must be done within a certain time, as the taking of an appeal, and the last day for its performance falls upon a Sunday, that day shall not be counted. The reason for the rule is that Sunday is *dies non-juridicus*. Here no act was required to be performed on the Sunday preceding the return day, and no reason exists why that day should not be counted. Any other Sunday during the month might as well have been rejected."

The learned master, in excluding Sunday, the day immediately preceding the return day, inadvertently fell into error.

Libellant's first, second, and third exceptions are sustained.

Having carefully reviewed all the testimony, the findings of the master as to indignities and cruel and barbarous treatment are adopted by us as the findings of this court. Since the libellant has met the burden imposed upon her of proving her case by clear and satisfactory evidence, we order and direct that a rule returnable July 6, 1943, issue upon the respondent to show cause, if any, why the libellant should not be divorced from the respondent.